# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY DEWITT HUNTER,<br><br>        Plaintiff,<br><br>    v.<br><br>ATTORNEY GENERAL FOR THE STATE OF CALIFORNIA, et al.,<br><br>        Defendants.<br>_____/ | 1:10-cv-0096-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A STAY<br><br>(ECF No. 23) |

Plaintiff Leroy Dewitt Hunter ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on January 19, 2010.  On September 29, 2011, the Court issued a Findings and Recommendation recommending that Plaintiff's Complaint be dismissed as duplicative.  (ECF No. 22.)  In lieu of filing objections to this Findings and Recommendation, Plaintiff filed a Motion to Stay.  (Mot., ECF No. 23.)  Plaintiff wishes to stay his cases before this Court until he is released from prison on March 11, 2012.  (Id.)  Plaintiff alleges that he can no longer write due to serious medical conditions.  (Id.)

Plaintiff's Motion to Stay the Proceedings is currently before the Court.

The United States Supreme Court has clearly indicated that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. North America Co., 299 U.S. 248, 254-55, 57 S.Ct. 163 (1936).  In this regard, "the proponent of the stay bears the

burden of establishing its need." <u>Clinton v. Jones</u>, 520 U.S. 681, 706, 117 S.Ct. 1636 (1997).

In his Motion to Stay the Proceedings, Plaintiff states that he is not receiving adequate medical care, and it is possible that he will suffer from permanent blindness. (Mot. at 1.) Plaintiff alleges that he previously filed a Motion to Appoint Counsel due to his blindness, and that he can no longer write or see to write. (<u>Id.</u>) However, since filing his Motion for Counsel, Plaintiff has filed a Notice of Appeal (ECF No. 19) and the current motion before this Court (ECF No. 23). Both actions belie the suggestion that Plaintiff is disabled from proceeding with this action at this time. Moreover, Plaintiff has made no showing that his ability to litigate the action would differ materially following his release from custody. The Court cannot stay an action for the convenience of a party. Plaintiff has not established the need for a stay.

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Stay the Proceedings be **DENIED**.

IT IS SO ORDERED.

Dated:   November 29, 2011            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE